IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MISTY QUINN, | ) |
| | ) |
| Plaintiff, | ) 2:21-cv-00036 |
| | ) |
| v. | ) |
| | ) |
| BIRCHWOOD CREDIT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MISTY QUINN, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against BIRCHWOOD CREDIT SERVICES, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. MISTY QUINN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the Village of Williams Bay, County of Walworth, State of Wisconsin,

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

1

6. BIRCHWOOD CREDIT SERVICES, INC., (hereinafter, "Defendant"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Wisconsin, is a citizen of the state of Wisconsin.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## IV. ALLEGATIONS

9. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

10. Equifax Information Services, LLC, a consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f), has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

11. Specifically, Plaintiff asserts that she filed her bankruptcy petition on October 30, 2013 and received her order of discharge on February 10, 2014.

12. Despite the foregoing, Equifax has disseminated credit reports and/or information that the Plaintiff's discharge did not occur until May 22, 2016 (hereinafter, "the inaccurate information").

13. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

14. The inaccurate information is materially inaccurate, because pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681c(a)(1) provides that reporting of bankruptcies shall not exceed ten (10) years. Therefore, Defendant's reporting would allow the bankruptcy to remain on Plaintiff's credit report for over twelve (12) years.

15. Experian Information Solutions, another consumer reporting agency as that term is defined in 15 U.S.C. §1681a(f), had at all relevant times been correctly and accurately reporting the information relating to Plaintiff's bankruptcy.

16. Trans Union, LLC, another consumer reporting agency as that term is defined in 15 U.S.C. §1681a(f), had at all relevant times had not been reporting any information relating to Plaintiff's bankruptcy.

17. On or about June 26, 2020, Plaintiff sought to obtain a loan for a home purchase through Paramount Residential Mortgage Group, Inc. (hereinafter "PRMG").

18. In determining whether to give credit to Plaintiff for the purchase of a home, PRMG obtained a consumer report from Defendant on or about June 26, 2020.

19. On June 26, 2020, Defendant provided a consumer report to PRMG for a fee.

20. The consumer report provided by Defendant to PRMG was a written communication by a consumer reporting agency bearing on a Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which was used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the Plaintiff's eligibility for credit.

21. In creating the aforementioned consumer report, Defendant transmitted information to PRMG relating to Plaintiff's bankruptcy.

22.

3

Case 2:21-cv-00036-LA   Filed 01/09/21   Page 3 of 6   Document 1

23. In preparing a consumer report for PRMG, Defendant obtained various pieces of credit information from Equifax, Experian, and Trans Union to be used in assembling the June 26, 2020 consumer report.

24. The information in the consumer report transmitted to PRMG by Defendant regarding Plaintiff's bankruptcy was inaccurate in that it reported the erroneous discharge date of May 22, 2016.

25. Defendant inaccurately reported to Defendant that Plaintiff's discharge occurred on May 22, 2016.

26. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

27. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

28. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

29. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

30.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

31.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### V.     JURY DEMAND

32.     Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MISTY QUINN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.   All actual compensatory damages suffered;

   b.   Statutory damages of $1,000.00;

   c.   Punitive damages;

   d.   Plaintiff's attorneys' fees and costs; and,

   e.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MISTY QUINN**

By:   s/ David M. Marco
      Attorney for Plaintiff

<u>Dated: January 9, 2021</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com